IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–01286–EWN–CBS

ALEXANDER BONDARENKO,

    Plaintiff,

v.

JOHN E. POTTER, Postmaster General,
U.S. Postal Service,

    Defendant.

---

# ORDER

---

This matter is before the court on Plaintiff's "Response to Motion for Summary Judgment," filed March 13, 2008. After perusing Plaintiff's brief, the court has concluded that extensive rule violations require the document to be stricken and refiled.

Plaintiff's brief fails to comport with this court's practice standard concerning factual submissions by a party opposing summary judgment, which provides:

> Any party opposing the motion for summary judgment shall, in a section of the brief required by rule 56.1A of the United States District Court for the District of Colorado Local Rules of Practice (Civil) styled "<u>Response to Statement of Undisputed Material Facts</u>," admit or deny the asserted material facts set forth by the movant. <u>The admission or denial shall be made in separate paragraphs numbered to correspond to movant's paragraph numbering. Any denial shall be accompanied by a *brief* factual explanation of the reason(s) for the denial and a *specific reference* to material in the record supporting the denial.</u>

(Practice Standards — Civil: Special Instructions Concerning Mots. for Summ. J. ¶ 4 [italics in original; underlining added]; *see also id.* ¶ 2 [defining "specific reference"].)

> Plaintiff's brief also contravenes the following practice standard:
>
> If the party opposing the motion believes that there exist additional *disputed* questions of fact which he has not adequately addressed in the submissions he has made pursuant to paragraph 4 (for example, disputed facts concerning an affirmative defense), the party shall, in a separate section of the party's brief styled "Statement of Additional Disputed Facts," set forth in simple, declarative sentences, *separately numbered and paragraphed*, each additional, material disputed fact which undercuts movant's claim that he is entitled to judgment as a matter of law. Each separately numbered and paragraphed fact shall be accompanied by a *specific reference* to material in the record which establishes the fact or at least demonstrates that it is disputed.

(*Id.* ¶ 5 [italics in original; underlining added].)

> Plaintiff's brief contravenes one additional practice standard:
>
> The sole purpose of these procedures is to establish facts and determine which of them are in dispute. *Legal* argument is not permitted here and should be reserved for separate portions of the briefs. If it is believed that an established fact is immaterial, for example, that belief should be expressed in the part of the briefs devoted to legal argument, and the fact should be admitted. If, on the other hand, it is believed that the reference to material in the record simply does not support the claimed fact, that factual argument may appropriately be made pursuant to these procedures.

(*Id.* ¶ 7 [italics in original; underlining added].)

Contrary to these simple requirements, Plaintiff has proffered lengthy paragraphs of compound allegations, as well as lengthy factual rebuttals that confusingly mix inappropriate legal argument with unsupported factual assertions. Additionally, I note that Plaintiff's brief fails to comply with the formatting requirements set forth in this district's local rules. *See*

D.C.COLO.LCivR 10.1 (2007). Rather than require Defendant to engage Plaintiff's confusing, poorly formatted response, the court hereby strikes the brief and demands a compliant submission.

Based on the foregoing it is therefore ORDERED that:

1. PLAINTIFF's response brief (#22) is STRICKEN.

2. Plaintiff has ten days from the date of this order to submit a compliant brief.

Dated this 14th day of March, 2008

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge